**UNITED STATES of America,
Plaintiff,**

v.

**James Frank KLINGBEIL, Defendant.**

**No. 75–CR–112.**

United States District Court,
W. D. Wisconsin.

April 5, 1976.

David C. Mebane, U. S. Atty. by Warren W. Wood, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Cheryl Rosen Weston, of Weston & Harlowe, Madison, Wis., for defendant.

---

## OPINION AND ORDER

DOYLE, District Judge.

In Count I it is alleged that on a certain date in Kentucky defendant "did cause to be deposited in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service," a threatening letter addressed to a person in Wisconsin.

In Count II it is alleged that on a certain date in Indiana defendant "did cause to be deposited in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service," a threatening letter addressed to a person in Wisconsin.

The conduct in each count is alleged to have violated 18 U.S.C. § 876.

It is clear that in Count I the alleged crime was committed and completed in Kentucky by causing a letter to be deposited there, and in Count II the alleged crime was committed and completed in Indiana by causing a letter to be deposited there.

It is true that 18 U.S.C. § 876 also imposes a criminal sanction upon one who "knowingly causes [a threatening letter] to be delivered by the Postal Service according to the direction thereon. . . ." Probably such an offense is not completed until the letter has been delivered. Probably such an offense is one "involving the use of the mails" within the meaning of the second paragraph of 18 U.S.C. § 3237(a), and, therefore, probably it is an offense which may be "prosecuted in any district from, through, or into which such . . . mail matter moves." Probably, too, if the government chose to prosecute such an offense in the district "into which" a letter has allegedly moved, the defendant could move successfully to be tried in the district in which the "matter mailed . . . was first set in motion . . . ." 18 U.S.C. § 3239. However, neither count of this indictment charges that the defendant caused a letter to be delivered, and each charges only that he caused the letter to be deposited, which is a distinct offense under 18 U.S.C. § 876.

The government appears to contend that causing a threatening letter to be deposited in the mail is an offense "involving the use of the mails" within the meaning of the second paragraph of 18 U.S.C. § 3237(a), so as to afford the

government the option under that paragraph to prosecute in the district into which the deposited letter moves. This is not an unreasonable construction of the language of § 3237(a), but it is a construction which incurs a substantial risk that § 3237(a) would violate Article III, Section 2, Clause 3 of, and the Sixth Amendment to, the United States Constitution, and a construction which produces a conflict with Rule 18 of the Federal Rules of Criminal Procedure. Such a risk of unconstitutionality, and such a conflict with Rule 18, may be readily avoided, at no significant cost to any governmental interest, by construing the second paragraph of § 3237(a) so as not to include the offense of causing a letter to be deposited in the mail.

I so construe § 3237(a), and thus conclude that the offense alleged in this indictment can be prosecuted only in Kentucky and Indiana, respectively.

### Order

It is ordered that defendant's motion to dismiss each count of the indictment is granted.