UNITED STATES of America,

v.

**William BLOHM, Defendant.**

**William BLOHM, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

83 Cr. 303 (RWS), 84 Civ. 2731 (RWS).

United States District Court, S.D. New York.

April 26, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.A.; Martin J. Auerbach, Asst. U.S. Atty., New York City, of counsel.

Ralph S. Naden, New York City, for defendant.

## OPINION

SWEET, District Judge.

By order dated November 28, 1983, this court found defendant William Blohm ("Blohm") incompetent to stand trial in *United States v. Blohm,* 83 Cr. 303, 579 F.Supp. 495, and dangerous to the officers of the United States and committed him to the custody of the Attorney General. He is now confined at the Medical Center for Federal Prisoners in Springfield, Missouri. Although Blohm is represented by counsel, he has filed a *pro se* petition for a writ of habeas corpus. The petition has been separately filed as *William Blohm v. United States,* 84 Civ. 2731, and has been accepted by this court as a related case to 83 Cr. 303. For the reasons given in the November 28 opinion, I have not recused myself from deciding the instant petition, even though Blohm has sued me in another district. For the reasons given below, the petition is denied.

Blohm's habeas corpus claim appears to be that this court lacked jurisdiction over him because the indictment against him in 83 Cr. 303 is legally insufficient and that this court could not pass on his competency before ruling on a *pro se* motion he had made, then withdrawn, then reinstituted, for a transfer of Counts One and Three of the indictment to the District of New Jersey.

In regard to Blohm's general challenge to the indictment, "An indictment need only track the language of the statute, and, if necessary to apprise the defendant 'of the nature of the accusation against him,' ... state time and place in approximate terms." *United States v. Bagaric,* 706 F.2d 42, 61 (2d Cir.), *cert. denied,* — U.S.

——, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983). The indictment satisfies this test.

 Blohm contends that Counts One and Three are defective because these counts charge pursuant to 18 U.S.C. § 876 that he "knowingly caused to be delivered by the Postal Service according to the direction thereon" the communication at issue, but fail to charge also that he "knowingly deposit[ed]" those communications in a postal depository. However, § 876 is written in the disjunctive, and makes it a separate crime to "knowingly cause to be delivered" a threatening communication. *See United States v. Klingbeil,* 410 F.Supp. 1235 (W.D.Wis.1976). Counts One and Three thus track the language of the statute and are legally sufficient.

 Blohm further contends that Counts Two and Four, which charge him with obstruction of justice in violation of 18 U.S.C. § 1503, are defective because there was no action pending against him at the time he sent the threatening communications. However, the portion of § 1503 Blohm is charged with violating—an attempt "to influence, obstruct, or impede, the due administration of justice"—is not by its terms confined to situations in which an action is pending. In addition, even if the section were so confined, the federal courts were in fact still vested with jurisdiction over Blohm's civil suit when the letters were allegedly sent, since Blohm was appealing the matter at the time.

 Finally, Blohm contends that this court was without jurisdiction to find him incompetent because he had at one time made a *pro se* motion to transfer Counts One and Three to New Jersey. Blohm at various times sought to submit motions *pro se* but at all times he was represented by counsel and had neither a right nor leave of this court to proceed simultaneously with counsel and *pro se.* *See United States v. Wolfish,* 525 F.2d 457, 463 (2d Cir.1975), *cert. denied,* 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); *United States v. Halbert,* 640 F.2d 1000, 1009 (9th Cir.1981). Regardless of whether Counts

One and Three should be transferred to New Jersey, there is no challenge to this court's jurisdiction over Blohm on Counts Two and Four. However, treating Blohm's papers as a motion or a renewal of a previous motion to transfer venue for Counts One and Three, the motion is denied pending this court's declaration that Blohm is competent to stand trial, at which time the appropriate disposition of the motion will be considered pursuant to Fed.R.Crim.P. 18.

For these reasons, the motion to transfer venue is denied at this time and the petition for a writ of habeas corpus is denied.

**IT IS SO ORDERED.**